IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

BANKERS LIFE AND CASUALTY
COMPANY,

            Plaintiff,

   v.

DONALD A. CROFTON, et al,

            Defendants.

Case No. 1:13-cv-01121-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge.

This matter comes before the court on a motion to dismiss for lack of jurisdiction (#11) filed by all the defendants. For the reasons stated below, the motion should be denied.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss based on lack of subject matter jurisdiction. Both the Constitution and Congress place limits on the jurisdiction of federal courts. These limits "[m]ust neither be disregarded nor evaded." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 274, 98 S.Ct. 2396 (1978). The plaintiff bears the burden

of establishing that subject matter jurisdiction is proper. Rattlesnake Coalition v. U.S. Envtl. Protection Agency, 509 F.3d 1095, 1102, n. 1 (9th Cir.2007). If the plaintiff fails to meet its burden, the court must dismiss the case unless the defect may be remedied through amendment. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673 (1994); Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir.2001).

Original jurisdiction must be based either on federal question jurisdiction or on diversity of citizenship. Federal question jurisdiction may exist where a claim involves the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. For jurisdiction to exist by reason of diversity, the amount in controversy must exceed the sum or value of $75,000, and the action must be between citizens of different states. 28 U.S.C. § 1332(a). The defendants claim that this court lacks subject matter jurisdiction based on both federal question and diversity jurisdiction. Plaintiff's response addresses only diversity jurisdiction, however, and the court therefore assumes that the issue of federal question jurisdiction is conceded.

## I.     Diversity of citizenship

For purposes of determining diversity of citizenship, "a corporation shall be deemed to be a citizen of every State . . . which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has held that this is a singular place, located in a state, which is the "nerve center" for the corporation. Hertz Corp. v. Friend, 559 U.S. 77, 93 (2010). In practice, "it should normally be the place where the corporation maintains its headquarters – provided the headquarters is the actual center of direction, control, and coordination." Id. Post-Hertz, the Ninth Circuit has held that, while a court may require additional proof of a party's principal place of business if the circumstances show that the allegation is unlikely, the nerve center test does not impose a heightened pleading

requirement or dictate a precise manner for pleading subject matter jurisdiction. Harris v. Rand, 682 F.3d 846, 851 (9th Cir. 2012).

In this case, the defendants have claimed merely that Plaintiff Bankers Life is registered, licensed, or otherwise authorized to conduct business in Oregon, has an office in Medford, Oregon, and is subject to the jurisdiction of the Oregon courts. This establishes that Bankers Life is subject to personal jurisdiction in Oregon, but not that it is incorporated or has its principal place of business, i.e. its "nerve center," in this state. Plaintiff has adequately alleged that it is incorporated in the state of Illinois, and has its principal place of business in Illinois, and the court has no reason to believe that these allegations are implausible.

## II.    Amount in controversy

In the reply brief, defendants also allege that Bankers Life "pleads no facts to support the allegation of an amount in controversy in excess of $75,000." However, Plaintiff's complaint states that "the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs." Compl. ¶ 12. Like the factual allegation of diversity of citizenship, the alleged amount in controversy is also entitled to a presumption of truth in the context of a motion to dismiss. See Harris, 682 F.3d at 851 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-55 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009)). "Where the plaintiff originally files in federal court, the amount in controversy alleged in the complaint 'controls so long as the claim is made in good faith.'" Dauven v. U.S. Bank Nat. Ass'n, 2010 WL 2640119 (D. Or. June 7, 2010) report and recommendation adopted, 2010 WL 2640115 (D. Or. July 1, 2010) (citing Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir.2010). Thus, where a plaintiff's allegations meet the amount in controversy requirement, the court should not dismiss

unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." Id.

To support their motion, defendants include declarations stating personal knowledge that "all the commissions received by all the defendants combined from all clients that have replaced a Bankers Life policy would not even be a fraction of [$75,000]." This assertion may or may not be true, but as discussed above, at this stage of the case, the Plaintiff's factual allegations are entitled to the presumption of truth. Plaintiff's complaint, which follows the general framework set forth in From 7(a), is sufficient to plead subject matter jurisdiction based on diversity under 28 U.S.C. § 1332.

## RECOMMENDATION

For the reasons above, the defendants' motion should be DENIED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See FED. R. CIV. P. 72, 6. The failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this ___ day of October, 2013.

MARK D. CLARKE
United States Magistrate Judge